Filed 11/20/25  Masloub v. Masloub CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| MARWAN MASLOUB, | D085714 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIC1702632) |
| MAHER MASLOUB, | |
| Defendant and Respondent; | |
| JAY SALMAN, | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside, Chad W. Firetag, Judge.  Affirmed.

Oliver Law Center and Dana J. Oliver for Appellant.

Awad & Awad and Akram A. Awad for Respondent, Marwan Masloub.

Law Offices of John Calfee Mulvana and John C. Mulvana for Respondent, Maher Masloub.

Jay Salman appeals from the trial court's order denying his motion to vacate or modify a judgment pursuant to Code of Civil Procedure section 473.[1] Because Salman was not party to this action and did not demonstrate that he was an aggrieved party eligible to file a section 473 vacatur motion, the trial action properly denied his motion. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Marwan and Maher Masloub are brothers[2] who agreed to purchase foreclosed properties and flip them. Under the authority of a power of attorney, Maher withdrew $484,990 from Marwan's account between March 2012 and August 2014—money Maher's business, MJ Ventures, ostensibly utilized to purchase properties. In April 2015, Marwan sought the return of his money under the terms the brothers had previously agreed upon, which Maher declined to do. Following Maher's failure to return the money, Marwan filed suit for breach of contract in 2017, naming Maher in his individual capacity and Maher doing business as MJ Ventures.

During the mandatory settlement conference in 2019, the brothers came to a settlement agreement. Despite that binding oral agreement, Maher did not sign the settlement agreement. Marwan filed a motion to enforce the settlement pursuant to section 664.6; he served a copy of the motion on Jay Salman, Maher's business associate, via his retained counsel. Salman was previously named but then dismissed from the Masloub suit and pursued other legal matters with Maher. Salman's counsel sought "a full release" for Salman from the Masloub suit, promising Marwan would "get

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] We refer to Marwan Masloub and Maher Masloub by their first names for clarity.

2

paid back the entire amount loaned to [MJ Ventures]," or approximately "$315,000.00."

Salman, as an individual and nonparty, then filed an opposition to the proposed settlement, arguing Marwan was attempting to "take assets away from [Salman] in the Joint Venture." Because Salman was not party to the matter and did not seek to intervene, the court dismissed his opposition. Consistent with the proposed settlement, the court entered judgment and ordered Maher and MJ Ventures to pay Marwan $500,000.

Following the court's judgment, MJ Ventures paid Marwan a sum of $261,759.26. Salwan signed the letter accompanying the initial payment of $70,532.65, stating, "we can pay the remaining 3 loans . . . in full as soon as your brother Maher approves such payments."

Approximately three years after the court entered the judgment, Salman filed a motion to vacate or modify the judgment. He filed for himself, not MJ Ventures, and it appears he centered his motion on the argument that the judgment erroneously named MJ Ventures as a judgment debtor. The record before us does not reflect any explanation as to why Salman waited so long to challenge the judgment. The court denied Salman's motion.

In denying Salman's motion, the court found he did not meet his burden to show that the court should modify or set aside the judgment, highlighting his contemporaneous knowledge of the settlement agreement, his knowledge of the judgment, and his remittance of money to Marwan in partial satisfaction of the judgment.

Salman appeals the court's denial of his motion to vacate or modify the judgment, arguing that the judgment is void and that MJ Ventures was denied due process. Respondents advance a variety of grounds upon which to

3

affirm the trial court's order, including an argument that Salman, who has declined to intervene, lacks standing to bring this appeal.

## II.  DISCUSSION

Salman did not include a copy of his motion to vacate or modify the judgment in the record before us.  " 'It is the duty of an appellant to provide an adequate record to the court establishing error.  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.  [Citation]' [Citation.]  This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error.  [Citations.]  By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the judgment.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

As best we can discern from the record provided to us, Salman individually pursued a vacatur motion under section 473, subdivision (d).  Salman's reply briefing alleged that the "judgment in question impact[ed] him in a significant, personal, or financial way" and that this qualified him as an " 'injured party' " to challenge it under section 473, subdivision (d).  The trial court rejected Salman's arguments, applying the timeliness standard set forth in section 663a.[3]  It is undisputed that Salman filed his motion more than 180 days after the entry of judgment and that it could not be timely

---

[3]    Section 663a makes a section 663 vacatur petition timely when filed after a decision is rendered, but before final judgment, within 15 days of service of the notice of entry of judgment, or within 180 days after the entry of judgment.

4

under section 663a.  Salman argues now that "void judgments are not subject to time bars."

Assuming for the sake of argument that section 473 is not subject to any time limits, Salman's argument still fails because he does not demonstrate that he is entitled to rely upon it.  Subdivision (d) of section 473 reads: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."  In the record before us, Salman did not detail how the judgment injured him individually.

Below, Salman concluded that he was "directly and adversely affected by the judgment" because he had a 50 percent ownership interest in MJ Ventures.  Salman does little to clarify how he, an individual, is personally aggrieved by a judgment that names MJ Ventures as a judgment debtor.  In his briefing to our court, Salman points to *County of Alameda v. Carleson* (1971) 5 Cal.3d 730 (*Carleson*) as the foundation for his standing.  There, a nonparty was denied intervener status, then moved to vacate the judgment—an action that "made itself a party." (*Carleson* at p. 736.)  The *Carleson* court determined that "[o]ne is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment.  [Citation.]  Appellant's interest 'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment.' " (*Id.* at p. 737.)  Unlike the nonparty in *Carleson*, Salman has never sought intervenor status, instead seeking "full release" from the matter.

The record does not support the contention that Salman would qualify as an injured party, or as "aggrieved" under the *Carleson* standard.  "[A]n

appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Even after a thorough review of the record, we cannot discern how Salman is personally impacted by the judgment. The settlement agreement and subsequent judgment obligated MJ Ventures, not Salman personally, to satisfy debts incurred by the partnership. By way of his counsel, Salman promised that MJ Ventures would pay Marwan back. Consistent with those representations and obligations, MJ Ventures remitted payment, endorsed by Salman, to Marwan.

Salman now avers that he is "the only person attempting to protect [MJ Ventures'] interest." This assertion is untethered to the vacatur motion, which he pursued as an individual. Salman seeks to protect his own interest, stating without factual support that *he* is "directly affected" by the judgment due only to his partnership interest. His personal declaration in support of vacatur further belies his claim, highlighting that the assets guaranteeing satisfaction of the judgment were Maher's alone.

" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Salman offers only conclusory statements that he is aggrieved; he does not support his argument with legal analysis or cites to the record. He fails to demonstrate how his interest is " ' "immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*Carleson, supra*, 5 Cal.3d at p. 737.) This is especially true given Salman's extraordinary delay in seeking vacatur, undermining any argument that his

interest was immediate.  On the record before us, it is not clear that Salman is individually entitled to challenge the judgment under section 473.

In sum, Salman does not demonstrate that the trial court erred by denying his vacatur motion.

### III.  DISPOSITION

The order is affirmed.  Respondents are awarded costs on appeal.


O'ROURKE, Acting P. J.

WE CONCUR:


DO, J.


CASTILLO, J.